UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Clifford Douglas Taylor,            Case No. 1:21-cv-02088

        Petitioner

v.            ORDER OF TRANSFER

Warden Neil Turner,

        Respondent

### BACKGROUND AND HISTORY

*Pro se* Petitioner Clifford Taylor filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. He is currently incarcerated in the North Central Correctional Complex, having been convicted in Lake County, Ohio in 2014 on two counts of rape. In this Petition, he asserts that he pled guilty due to harsh conditions to which he was subjected in pretrial detention. He asks that his indictment be dismissed and that he be released.

Petitioner filed at least three prior Petitions for a Writ of Habeas Corpus under 28 U.S.C. § 2254 contesting this same conviction. For the reasons set forth below, the Petition is transferred to the United States Sixth Circuit Court of Appeals.

In October 2014, the Lake County Prosecutor filed a Bill of Information charging Petitioner with two first-degree felony charges of rape of a minor victim by force or threat of force in violation of Ohio Rev. Code § 2907.02(A)(2). *State v. Taylor*, 33 N.E.3d 123, 125 (Ohio Ct. App. 2015).

Petitioner, who was represented by counsel, signed a written waiver of his right to have his case presented to a grand jury, signed and executed a written guilty plea form, and pled guilty to both charges.  *Id.*  Prior to sentencing, Petitioner made an oral motion to withdraw his guilty plea, which the trial court denied.  *Id.* at 127.  The trial court then sentenced him to eleven years of imprisonment on each count and ordered the sentences to be served consecutively for an aggregate sentence of twenty-two years of imprisonment. *Id.* at 128.

Petitioner, through counsel, filed an appeal of his conviction, claiming he was denied effective assistance of counsel during the hearing on his motion to withdraw guilty plea.  The Court of Appeals found Petitioner's arguments to be without merit and affirmed his conviction.  *Id.* at 132. On July 14, 2015, Petitioner's counsel filed a timely notice of appeal with the Supreme Court of Ohio.  The Supreme Court of Ohio denied his request to accept jurisdiction. *State v. Taylor*, 42 N.E.3d 763 (Ohio 2015) (table).

Petitioner then filed his first federal Habeas Corpus Petition with this Court on February 17, 2016.  See Taylor v. Ohio, No. 1:16 CV 483, 2017 WL 2274035 (N.D. Ohio May 25, 2017).  In his Petition, he asserted:

> GROUND ONE: A due process claim being forced into punitive segregation as a pre-trial detainee without just cause and stripped of rights.
>
> GROUND TWO:  A claim of due process violated when losing a fundamental right to exercise under confinement with undue punitive isolation as a pre-trial detainee.
>
> GROUND THREE: A claim of due process where a right to access court was denied due to undue punitive isolation as a pre-trial detainee.
>
> GROUND FOUR: A claim of due process when losing right to receive public publications as a pre-trial detainee that is legally available to the public.
>
> GROUND FIVE: A claim of ineffective assistance of counsel, a violation of my 6th Amendment.
>
> GROUND SIX: Abuse of discretion because irrelevant factors are weighed when deciding to reverse a plea agreement.

This Court found that his first four grounds related to conditions of confinement and were not cognizable in habeas. The Court determined his last two grounds were without merit. The Sixth Circuit denied his certificate for appealability.

Petitioner then returned to state court and filed a Motion to Withdraw his Guilty Plea. The trial court denied it on the grounds of *res judicata* in March 2020. The Ohio Eleventh District Court of Appeals affirmed the trial court's decision in May 2020.

Petitioner subsequently filed a second Petition for a Writ of Habeas Corpus in this Court in July 2020. *See Taylor v. Turner*, No. 1:20 CV 1477 (N.D. Ohio July 8, 2020). He asserted two grounds for relief, but both were based on the same contention, namely that an outside interference caused him to accept a plea deal and plead guilty. This Court determined that the Petition was successive and transferred it to the United States Sixth Circuit Court of Appeals for permission to proceed with a successive Petition. The Sixth Circuit denied permission to proceed on December 18, 2020.

Petitioner filed a third Petition for a Writ of Habeas Corpus in this Court challenging this same conviction on February 19, 2021. In this Petition, he once again claimed that outside interferences caused him to accept a plea deal and plead guilty. He contended he should be permitted to withdraw his plea. This Court determined that Petition was successive and transferred it to the United States Sixth Circuit Court of Appeals for permission to proceed with a successive Petition. The Sixth Circuit denied permission to proceed on October 4, 2021.

Undeterred, one month later, on November 4, 2021, Petitioner filed this, his fourth Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging his 2014 conviction in Lake County on two counts of rape. In this Petition, he again claims his guilty plea was not voluntary due to outside influences and the conditions of his confinement prior to entering his guilty plea. This Petition is successive.

Under 28 U.S.C. § 2244(b)(3)(A), an applicant must move in the appropriate Circuit Court of Appeals for an Order authorizing the District Court to consider a second or successive Petition for a Writ of Habeas Corpus. The Antiterrorism and Effective Death Penalty Act (AEDPA) makes clear that a District Court does not have jurisdiction to entertain a successive Petition for Writ of Habeas Corpus in the absence of an Order from the Court of Appeals authorizing the filing of such successive Motion or Petition. In re Sims, 111 F.3d 45, 47 (6th Cir. 1997). If a successive Petition is filed and the Petitioner has not obtained authorization to file it from the Court of Appeals, the District Court must transfer the Petition to the Court of Appeals for approval to file a successive Petition. Id. Petitioner has not sought leave to file this successive Petition. That being the case, this Court is without jurisdiction to entertain this Petition.

Accordingly, pursuant to *In re Sims*, 111 F.3d 45 (1997), this action is transferred to the United States Court of Appeals for the Sixth Circuit.

## CONCLUSION

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

4